**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10621 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00209-LDG |
| v. | |
| JUAN QUIROZ-MARTINEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, District Judge, Presiding

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Juan Quiroz-Martinez appeals from the district court's judgment and

challenges the 51-month sentence imposed following his guilty-plea conviction for

being a deported alien found unlawfully in the United States, in violation of

8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The government argues that Quiroz-Martinez waived his right to challenge the sentence by requesting a sentence "no greater than 51 months." We are not persuaded that Quiroz-Martinez's statement effectuated a waiver of the arguments he raises on appeal. *See United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc) (waiver occurs when there has been an "intentional relinquishment or abandonment of a known right" (internal quotations omitted)).

Quiroz-Martinez contends that the district court did not consider his mitigating arguments and failed to explain the sentence adequately. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court considered Quiroz-Martinez's mitigating arguments, the government's arguments, and the parties' sentencing recommendations before imposing a sentence at the bottom of the Guidelines range. Nothing more was required. *See United States v. Carty*, 520 F.3d 984, 992, 995 (9th Cir. 2008) (en banc). Moreover, contrary to Quiroz-Martinez's contention, the sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**

13-10621